FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2015 JAN 27 AM 10: 15

TALIA PLAYNE,

    Plaintiff,

v.

CASE NO: 3:15cv91-J-34JBT
**Jury Trial Demanded**

CITIBANK N.A.,

    Defendant.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff TALIA PLAYNE ("Playne" or "Plaintiff") files suit against CITIBANK N.A. ("CITIBANK") and in support alleges:

## NATURE OF ACTION

1. This is an action for injunctive relief and damages by Plaintiff, Talia Playne, an individual consumer, for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. ("FCCPA") by CITIBANK. Fundamentally, this case is about CITIBANK's refusal to respect Ms. Playne's personal and legal rights in its attempts to collect an alleged debt.

## JURISDICTION

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367(a), and 47 U.S.C. § 227(b)(3). *See Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 753 (2012) (federal district courts have federal question jurisdiction over TCPA claims).

## THE PARTIES

3. Plaintiff, Talia Playne, is a natural person residing in Duval County, Florida.

4. Defendant CITIBANK, is a chartered National Bank with its headquarters located at 701 East 60th Street North, Sioux Falls, South Dakota 57104, County of Minnehaha.

5. Defendant is a corporate entity responsible for attempting to collect a debt from Plaintiff and transacts business in the State of Florida.

6. Plaintiff had an alleged debt to CITIBANK arising out of personal, family, or household purposes.

7. Plaintiff is the regular user and subscriber of the cellular telephone 904-635-5859 and was the recipient of the CITIBANK calls.

8. Plaintiff is the "called party." *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012).

9. Plaintiff is a "consumer" as defined in Florida Statute Section 559.55(2).

10. Plaintiff hired Davis Law Firm to represent her with regard to all debts and claims that her creditors may have had against her, and to seek relief from the overwhelming volume of debt collection calls and letters that Plaintiff was receiving.

## BACKGROUND

11. Plaintiff has a Best Buy credit card account issued by CITIBANK.

12. Beginning in November 2014, Plaintiff began to receive multiple telephone calls to her cell phone from CITIBANK (877-561-2272) in an attempt to collect an alleged debt.

13. On November 11th, 12th, 13th and 14th of 2014, CITIBANK left the following identical, artificial voice messages in Ms. Playne's voicemail:

> **We are sorry we could not speak to you personally, we appreciate your busy schedule, so please call Citi at 1-855-242-6899. This is an important message. It is not a sales call and any of our representatives can assist you. Again, the number is 1-855-242-6899. We look forward to speaking to you.**

14. Tired of receiving the harassing calls, on November 14, 2014 at approximately 10:35 PM, Ms. Playne called the number in the message: 1-855-242-6899. When the call connected, she spoke with a CITIBANK representative named Zoey, whose ID# is 090147728. Ms. Playne gave Zoey her cell phone number for account identification and Zoey said that she was receiving calls in regards to her Best Buy account in which she owed approximately $53. Ms. Playne stated that she paid her bill this month and did not owe any money at that time.

15. During the call, Ms. Playne told CITIBANK to "stop calling" her several times. Zoey said that they would only stop calling once the bill was paid. Ms. Playne reiterated that the bill had been paid, again expressed her demand for CITIBANK to stop calling her, and also said "I revoke consent for you to call me." The CITIBANK representative then hung up.

16. Despite her request for the calls to stop, CITIBANK continued to call Plaintiff's cellular phone.

17. After the November 14, 2014 conversation, CITIBANK called Ms. Playne's cell phone an additional 25 times.

18. Of those 25 calls, Ms. Playne answered 12 of the calls. Each call she answered had the exact same artificial voice message that said:

> **We are sorry we could not speak to you personally, we appreciate your busy schedule, so please call Citi at 1-855-242-6899. This is an important message. It is not a sales call and any of our representatives can assist you. Again, the number is 1-855-242-6899. We look forward to speaking to you.**

19. Of the 13 calls that Ms. Playne did not answer, CITIBANK left an artificial voicemail identical to the automated voice message above.

20. The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute Section 559.55(1).

21. CITIBANK called the Plaintiff using telephone number 877-561-2272.

22. Exhibit "A" displays the times and dates of at least some of the 29 telephone calls made by CITIBANK to Ms. Playne's cellular telephone between November 11, 2014 and December 22, 2014.

23. The phone number 877-561-2272 is a number that does or did belong to CITIBANK or its agents.

24. CITIBANK attempted to collect a debt from Plaintiff by this campaign of telephone calls.

25. The telephone calls made to Plaintiff's cellular telephone were willfully or knowingly made.

26. The telephone calls made to Plaintiff's cellular telephone were made using an automatic telephone dialing system.

27. The telephone calls made by CITIBANK were made using an artificial or prerecorded voice.

28. CITIBANK did not have Plaintiff's consent to call her cellular telephone using automatic telephone dialing equipment.

29. The telephone calls made to Plaintiff's cellular telephone were not made for emergency purposes.

30. CITIBANK uses automatic telephone dialing systems.

31. CITIBANK has many similar complaints from consumers across the country to those alleged by Plaintiff in this lawsuit.

32. All conditions precedent to bringing this action have been performed or have been waived.

## COUNT I – VIOLATIONS OF THE TCPA BY CITIBANK

33. Ms. Playne incorporates by reference paragraphs 1 through 32 of this Complaint.

34. CITIBANK willfully or knowingly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or used a pre-recorded or artificial voice to Plaintiff's cellular telephone without Plaintiff consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

35. WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, CITIBANK for:

a) Damages; and

b) Such other or further relief as the Court deems equitable, just, or proper.

## COUNT II – VIOLATIONS OF FLORIDA CONSUMER COLLECTION PRACTICES ACT

36. Ms. Playne incorporates by reference paragraphs 1 through 32 of this Complaint.

37. By continuing to contact Ms. Playne despite having actual knowledge that Ms. Playne did not consent to be called, by using automatic telephone dialing equipment to call Ms. Playne's cellular telephone and using an artificial or pre-recorded voice, by calling her at least 29 times in a short time span, and by communicating with Ms. Playne in a manner reasonably expected to harass Ms. Playne, CITIBANK engaged in conduct which can reasonably be expected to abuse or harass Plaintiff in violation of Fla. Stat.§ 559.72(7).

38. Each harassing call is a separate violation of the FCCPA and a separate count in this complaint.

39. WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, CITIBANK for:

a) Actual and statutory damages;

b) Attorney's fees and costs;

c) A permanent injunction enjoining the Defendant from engaging in the violative practices; and

d) Such other or further relief as the Court deems equitable, just, or proper.

DAVIS LAW FIRM

*s/TODD M. DAVIS*
TODD M. DAVIS, ESQ.
FL BAR NO. 58470
Bank of America Tower
50 N. Laura Street
Suite 2500
Jacksonville, FL 32202
904-400-1429 (T)
904-638-8800 (F)
TD@DavisPLLC.com

**Call Log - Exhibit "A"**

| Call Date / Call Time | Telephone Number |
|---|---|
| 1. 11/11/14 11:35 AM | 877-561-2272 |
| 2. 11/12/14 12:13 AM | 877-561-2272 |
| 3. 11/13/14 12:10 PM | 877-561-2272 |
| 4. 11/14/14 6:41 PM | 877-561-2272 |
| 5. 11/18/14 12:34 PM | 877-561-2272 |
| 6. 11/19/14 12:21 PM | 877-561-2272 |
| 7. 11/21/14 12:08 PM | 877-561-2272 |
| 8. 11/22/14 12:15 PM | 877-561-2272 |
| 9. 11/23/14 12:11 PM | 877-561-2272 |
| 10. 11/24/14 8:08 PM | 877-561-2272 |
| 11. 11/26/14 7:02 PM | 877-561-2272 |
| 12. 11/29/14 5:15 PM | 877-561-2272 |
| 13. 11/30/14 7:57 PM | 877-561-2272 |
| 14. 12/2/14 7:33 PM | 877-561-2272 |
| 15. 12/3/14 6:55 PM | 877-561-2272 |
| 16. 12/4/14 8:10 PM | 877-561-2272 |
| 17. 12/8/14 1:29 PM | 877-561-2272 |
| 18. 12/9/14 1:43 PM | 877-561-2272 |
| 19. 12/10/14 1:39 PM | 877-561-2272 |
| 20. 12/12/14 4:53 PM | 877-561-2272 |

| 21. 12/13/14 2:08 PM | 877-561-2272 |
| --- | --- |
| 22. 12/14/14 12:51 PM | 877-561-2272 |
| 23. 12/15/14 4:38 PM | 877-561-2272 |
| 24. 12/16/14 2:08 PM | 877-561-2272 |
| 25. 12/18/14 1:52 PM | 877-561-2272 |
| 26. 12/19/14 4:08 PM | 877-561-2272 |
| 27. 12/20/14 2:08 PM | 877-561-2272 |
| 28. 12/21/14 12:41 PM | 877-561-2272 |
| 29. 12/22/14 2:20 PM | 877-561-2272 |